Trevor Edwards and William G. Dade, Petitioners *v.* The Pennsylvania Housing Finance Agency et al., Respondents.

Argued November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

. . *Melville G. M. Walwyn,* with him *William G. Dade, Dade & Walwyn,* for petitioners.

*Jay C. Waldman,* General Counsel, with him *Allen C. Warshaw* and *James J. Kutz,* Deputy Attorneys General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., January 3, 1983:

This case comes before the Court on a Motion for Summary Judgment filed by petitioners Edwards and Dade. The Motion follows a Petition for Review in the Nature of a Declaratory Judgment filed by the same parties in an effort to establish the parameters of jurisdiction of the Office of General Counsel over their employment relationship with the Pennsylvania Housing Finance Agency (PHFA).

More specifically, petitioners assert that they were hired by PHFA in the late 1970's as legal counsel, under the provisions of the Housing Finance Agency Law (Law),[1] Act of December 3, 1959, P.L. 1688, *as amended,* 35 P.S. §§1680.101-1680.603(a). The Law grants to the PHFA, *inter alia,* the power to:

(14)   Employ an executive director and such other officers, agents, employes, professional and business advisors as may from time to time be necessary in its judgment and to fix their compensation; and to promote and discharge such officers, employes and agents.

35 P.S. §1680.205(14).

Petitioners continued to be employed as legal counsel without interruption until they were notified by a letter from the Office of General Counsel that, pursuant to the language of the Commonwealth Attorneys

---

[1] Originally enacted as the Housing Agency Law.

Act,[2] they would not be "reappointed" to represent PHFA. They subsequently filed the present action, asserting that 35 P.S. §1680.205(14), quoted *supra,* was not repealed by the Commonwealth Attorneys Act, and therefore the action evidenced by the said letter constitutes a usurpation by the Office of General Counsel of PHFA's authority and power to appoint its own counsel.

Petitioners argue, citing various sections of the Law, (1) that the PHFA is totally independent of the Commonwealth, (2) that it may sue or be sued in its own name, (3) that any bond or notes it issues are payable out of its own revenues and do not constitute debts of, nor do they bind, the Commonwealth, and (4) that it may "[a]ppear *in its own behalf* before boards, commissions, departments or other agencies of government, municipal, State or Federal." (Emphasis added.) 35 P.S. §1680.205(15). In addition, petitioners cite numerous differences between the PHFA and Commonwealth agencies, in support of their allegation that the executive department of the Commonwealth has no jurisdiction over PHFA. Unfortunately, these facts do not appear in the record, and cannot be considered by the Court merely in the context of an argumentative brief. *See,* Pa. R.C.P. 1035, Goodrich-Amram 2d §1035(b)5.

Because the significant issues of law presented here cannot be examined without a pre-determination of a number of material facts, we hereby deny petitioners' Motion for Summary Judgment.

### ORDER

AND Now, this 3rd day of January, 1983, the Motion for Summary Judgment filed by petitioners is hereby denied.

---

[2] Act of October 15, 1980, P.L. 950, 71 P.S. §732-101 *et seq.*